UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERRELL JOSEPH SUMPTER,<br><br>                              Plaintiff,<br><br>           -against-<br><br>FISHKILL CORRECTIONAL FACILITY,<br><br>                              Defendant. | 23-CV-4303 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Fishkill Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983. He alleges that in February 2023, while he was confined in Cape Vincent Correctional Facility, in Jefferson County, New York, unidentified officers assaulted him in the segregated housing unit (SHU).

For the following reasons, the Court transfers this action, under 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of New York.

## DISCUSSION

Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled. *See* 28 U.S.C. § 1391(c)(1).

Plaintiff alleges that in February 2023, he was confined in the SHU in Cape Vincent Correctional Facility in Cape Vincent, New York. (ECF 1 at 4.) Three "John Doe" officers are alleged to have assaulted Plaintiff, without cause, while he was naked in the SHU, including choking him, punching him in the ribs, and stomping on his legs and upper chest. (*Id.*) While he was being assaulted, a short "John Doe" Sergeant looked on, making humiliating comments about Plaintiff's buttocks. (*Id.*) Plaintiff suffered nerve damage to his legs, which required him to use a cane, and his teeth were knocked out. (*Id.* at 5.)

Because of Plaintiff's clear intention to sue the individuals personally involved in assaulting him, the Court directs the Clerk of Court, under Rule 21 of the Federal Rules of Civil Procedure, to amend the caption to add as Defendants John Doe Officers #1, #2, and #3, and John Doe Sergeant, who were present in the SHU during a use of force incident involving Plaintiff at Cape Vincent Correctional Facility in February 2023.

Plaintiff does not plead facts about the residence of any of the individuals involved in the incident, and it is therefore unclear if venue is proper in this district under Section 1391(b)(1). Because Plaintiff alleges that the incident occurred in Jefferson County, outside this district, venue does not lie in this district under Section 1391(b)(2). Venue is proper in the Northern District of New York, however, because Plaintiff's claims arose in Jefferson County, within that district. 28 U.S.C. § 112(a).

Even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to

compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under 28 U.S.C. § 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Jefferson County, and it is reasonable to expect that all relevant documents and witnesses also would be located there. None of the operative events occurred in this district, and the Northern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to amend the caption to add the following Defendants: "John Doe Officer #1 from Cape Vincent Correctional Facility"; "John Doe Officer #2 from Cape Vincent Correctional Facility"; "John Doe Officer #3 from Cape Vincent Correctional Facility"; and "John Doe Sergeant from Cape Vincent Correctional Facility." Fed. R. Civ. P. 21.

The Clerk of Court is further directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 24, 2023
        New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                           Chief United States District Judge